**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.  3:06cr85/LAC
 3:08cv119/LAC/MD

**ROBERT EARL SIMPSON**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 69). The government has filed a response (doc. 74) and the defendant has filed a reply (doc. 78). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant Robert Earl Simpson and co-defendant Sederick Juan Smith were charged in a single count indictment with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. (Doc. 3). The government filed a notice of enhancement information indicating that defendant had a prior felony drug conviction in Escambia County, Florida. (Doc. 12). Defendant entered a plea of guilty on September 28, 2006 pursuant to a written plea of cooperation agreement

(doc. 41 & 42), and a PSR was prepared. The PSR calculated that defendant's base offense level would have been 30, with a total offense level of 27, but for the application of the career criminal provision. (PSR ¶¶ 22, 27, 28, 29). Defendant was classified as a career offender, and his total offense level after an acceptance of responsibility adjustment was 34. (PSR ¶ 30). To support career offender status, the PSR referenced six prior Pennsylvania felony drug convictions for controlled substance violations, as well as the Florida conviction listed in the government's notice of enhancement. (PSR ¶ 30, 35, 36). Defendant's criminal history category would have been III, but due to his career offender status, it was automatically VI. (PSR ¶ 37). The applicable guidelines sentence was thus 262 to 327 months imprisonment.

At sentencing, counsel indicated that he had no remaining objections to the PSR.[1] (Doc. 68 at 2). Defendant was given the opportunity to address the court, and stated only that he regretted his actions and bad choices in life. (*Id.* at 5). The court imposed a sentence of 180 months, which met the statutory mandatory minimum requirements, but was 82 months below the applicable guidelines range. (*Id.* at 8).

The defendant filed a notice of appeal (doc. 54), but later moved to dismiss the appeal because he could "see no point in causing the courts or the prosecution to waste time and money on a frivolous appeal. (Doc. 74, exh. 1 at 3).

In the present motion, defendant claims that counsel provided constitutionally ineffective assistance at sentencing. The government opposes the motion, claiming that it utterly without merit.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A

---

[1] Counsel had objected to the calculation of the appropriate level of career offender status, but not to the application of that status itself. He indicated that after speaking with the probation officer, he wished to withdraw the objection, as the officer was correct. (Doc. 68 at 2).

*Case No: 3:06cr85/LAC; 3:08cv119/LAC/MD*

prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

      Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To

be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

In this case, the lone claim for relief raised by defendant is that counsel was constitutionally ineffective at sentencing for his failure to challenge defendant's career offender status. Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). In applying *Strickland,* the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v.*

*Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish in the case of alleged sentencing errors, that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01,

148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle,* 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

In this case, defendant's allegations are not entirely clear. Liberally construed, he appears to contend that counsel was constitutionally ineffective because he failed to object to defendant's career offender status qualification under § 4B1.1(b). Defendant seems to assert that he did not have two prior convictions for serious drug offenses or violent crimes. He notes that only one prior conviction was listed in the government's notice of enhancement, and states the convictions that he had in Pennsylvania were for "lesser offenses," which counsel failed to investigate.

Defendant's attorney, Spiro Kypreos, has submitted an affidavit in conjunction with the government's response to defendant's § 2255 motion. He avers that the defendant told him before entering his plea that defendant had a prior felony conviction in Pennsylvania. (Doc. 74, exh. 2, ¶ 1). Counsel admits that he told defendant he should "take care not to volunteer that information at any time" as the Pennsylvania conviction, along with the Escambia County conviction, would qualify him for career offender status at sentencing. (*Id.*). Counsel further states that "[u]nfortunately for the defendant the probation officer discovered the Pennsylvania felony drug conviction, included it in the PSR and correctly designated the defendant as a career offender." (*Id.* ¶ 2). Counsel indicates that he reviewed the PSR with the defendant, and that during this review, the defendant acknowledged that the Pennsylvania conviction was a felony and "he had no objection to the PSR conclusion that the Pennsylvania conviction was for a felony drug offense." (*Id.* ¶ 3). Counsel also notes, correctly, that to the extent defendant asserts that the government was required to offer proof of the Pennsylvania conviction(s) at sentencing, he is mistaken, as that is required for statutory enhancement under 21 U.S.C. § 851, not § 4B1.1 of the guidelines. (*Id.* ¶ 4).

Section 4B1.1(a) of the guidelines provides that in order to be classified as a career offender, a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Defendant's convictions for possession with intent to deliver a controlled substance set forth in paragraph 35 of the PSR clearly qualify as controlled substance offenses. The PSR reflects that defendant pleaded guilty in six cases to

charges of possession with intent to deliver a controlled substance,[2] and that he was sentenced to six terms of imprisonment of 6 to 23 months incarceration, with all cases to run concurrent with each other. (PSR ¶ 35).  Defendant has offered nothing but his own vague and conclusory statements to support his argument that the Pennsylvania cases were not qualifying offenses.  Even if the six Pennsylvania convictions are considered as one, the Escambia County Florida conviction set forth in the government's notice of enhancement provides the second required conviction for purposes of § 4B1.1.  Counsel is not ineffective for failing to preserve or argue a meritless claim*.  See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).  There was no basis for a successful challenge to the application of the career offender provision, and counsel was not constitutionally ineffective for his failure to formulate one.

In his reply, defendant also appears to assert that counsel was ineffective for encouraging him to abandon his appeal.  In light of the fact that the career offender issue had no merit, as discussed above, counsel's advice to defendant, which presumably would have given defendant a greater opportunity to benefit from a substantial assistance motion, was not unreasonable or unconstitutional.  Defendant

---

[2]Three cases involved marijuana, three involved cocaine base.

*Case No: 3:06cr85/LAC; 3:08cv119/LAC/MD*

has failed to show either deficient performance or prejudice under *Strickland*, and he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 69)  be DENIED.

At Pensacola, Florida, this 8th day of August, 2008.


/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:06cr85/LAC; 3:08cv119/LAC/MD*